UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, CDCR #J-48500,<br><br>                           Plaintiff,<br>vs.<br><br>THE ALAMEDA COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,<br>                           Defendants. | Case No.: 3:20-cv-01297-LAB-RBM<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Steven Wayne Bonilla, proceeding pro se and currently incarcerated at San Quentin State Prison has filed a civil complaint requesting an "expedited review" of a "vexatious litigant order." *See* Compl., ECF No. 1 at 1. In short, Plaintiff's Complaint seeks to collaterally attack and void his capital premeditated murder conviction on grounds that it was procured as the result of a conspiracy between Alameda County prosecutors to fraudulently convict him based on a federal grand jury subpoena for phone records he claims "never existed" and was "never served." *Id.* at 3. Plaintiff professes his innocence and attaches an "accounting" of damages for his wrongful conviction estimated at more than two billon dollars. *Id.* at 11.

/ / /

Plaintiff did not file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) together with his Complaint, nor has he paid the initial civil filing fee required by 28 U.S.C. § 1914(a).

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, the Prison Litigation Reform Act's ("PLRA") amendments to § 1915 require that all prisoners who proceed *IFP* to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, the PLRA also requires prisoners to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards

those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Because Plaintiff has neither paid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, nor filed a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), his case cannot proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

**II.    "Three-Strikes" Bar**

Moreover, even if Plaintiff had filed a Motion to Proceed IFP, the Court would deny it because he is no longer entitled to that privilege.[1]

A.    <u>Standard of Review</u>

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners, like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended Section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter

---

[1] In fact, Plaintiff appears to acknowledge he is not entitled to proceed IFP by referring to his "vexatious litigant order." *See* Compl. at 1, 2.

"*Cervantes*") (stating that under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule ...."). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When ... presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

/ / /

/ / /

B.   Discussion

The Court has reviewed Plaintiff's Complaint and finds it does not contain any "plausible allegations" to suggest that he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Rather, Plaintiff complains that a "federal grand jury subpoena for [his] phone records … never existed," and was "never served," and that therefore his conviction was the product of a conspiracy to wrongfully charge and fraudulently convict him. *See* Compl. at 2–4.

While Plaintiff has not moved to proceed IFP, and Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is *not* entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that [] prior dismissal[s] satisfy[y] at least one of the criteria under § 1915(g) and therefore count[] as … strike[s]." *Id.* at 1120.

Based on the dockets of many court proceedings publicly available on PACER,[2] this Court finds that Plaintiff Steven Wayne Bonilla, identified as CDCR #J-48500, while incarcerated, has had dozens of prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Plaintiff's litigation history in the Northern District of California, including the dismissal of 34 pro se civil rights actions between June 1 and October 31, 2011 alone, which were dismissed "because the allegations in [his] complaints d[id] not

---

[2] A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, at *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

1  state a claim for relief under § 1983."); *id.* at *3 ("The following five actions are
2  DISMISSED without prejudice and without leave to amend for failure to state a claim
3  upon which relief may be granted: *Bonilla v. Superior Court of Alameda County*, C 11-
4  6306; *Bonilla v. Alameda County District Attorney's Office*, C 11-6307; *Bonilla v.
5  California Supreme Court*, C 12-0026; *Bonilla v. Cullen*, C 12-0027; *Bonilla v.
6  California Supreme Court*, C 12-0206."); *id.* at *3 n.1 ("The Court recently informed
7  Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed
8  in forma pauperis in any civil rights action." (citing *In re Steven Bonilla*, Nos. C 11-3180,
9  et seq. CW (PR), Order of Dismissal at 6:23-7:19)).

      Accordingly, because Plaintiff has, while incarcerated, accumulated far more than the three "strikes" permitted by § 1915(g), and he fails to make any plausible allegation that he faced imminent danger of serious physical injury at the time he filed this case, he is not entitled to the privilege of proceeding IFP. Given his litigation history, and considering the allegations in his Complaint, the Court concludes that permitting him leave to proceed IFP would simply be futile. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (noting that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

      "Having afforded plaintiff so much guidance and so many opportunities in the past, the court will not continue to utilize scant judicial resources on what is clearly a futile claim." *Harvey v. Nevada*, No. 2:19-CV-01123-TLN-CKD-PS, 2020 WL 731631, at *11 (E.D. Cal. Feb. 13, 2020), *report and recommendation adopted*, No. 2:19-CV-01123-TLN-CKD, 2020 WL 1433019 (E.D. Cal. Mar. 24, 2020).

/ / /
/ / /
/ / /

### III. Conclusion and Orders

For the reasons discussed, the Court:

1) **DISMISSES** this civil action in its entirety based on Plaintiff's failure to pay the civil filing fee required by 28 U.S.C. § 1914(a);

2) **CERTIFIES** that an IFP appeal from this Order would be frivolous and not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

3) **DIRECTS** the Clerk of the Court to enter a judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: July 20, 2020

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge